UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KATHLEEN JOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-cv-00310-JAW |
| | ) | |
| POSTMASTER GENERAL, | ) | |
| UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO EXCLUDE FACT WITNESSES**

On April 27, 2012, the Postal Service moved to exclude the testimony of certain fact witnesses in the upcoming trial in this case. *Mot. in Limine to Exclude Certain Fact Witnesses* (Docket # 50) (*Def.'s Mot.*). On May 3, 2012, Ms. Joyce responded, objecting to their exclusion. *Resp. to Decl. of AUSA Evan Roth and Associated Docs.* (Docket # 59). Although the Postal Service first asked for the exclusion of eight witnesses, Ms. Joyce whittled her list to four: Amanda Bouchey, Paul Dean, Michael Morin and Rachel Stevenson. With jury selection scheduled for May 7, 2012 and trial to begin May 23, 2012, the parties were anxious to obtain a quick ruling as to whether the Court would allow Ms. Joyce to call these four witnesses. Accordingly, the Court held a telephone conference of counsel and issued a ruling on the pending motion.

The Postal Service's motion to exclude Michael Morin and Rachel Stevenson was based on Ms. Joyce's delayed notice. The discovery period ended on March 21,

2011 and Ms. Joyce filed a witness list, including Mr. Morin and Ms. Stevenson, ten days late. *Def.'s Mot.* at 2. The Court declined to exclude either witness since there was no suggestion that the Postal Service was prejudiced by the ten-day delay.

The Postal Service's motion to exclude Amanda Bouchey and Paul Dean was based on Ms. Joyce's substantially late notice of her intent to call these witnesses. *Id.* Ms. Joyce did not give the Postal Service notice of these witnesses until April 4, 2012. *Id.* The Court agreed with the Postal Service that Ms. Joyce's failure to provide more timely notice of these witnesses was a discovery violation, but the Court rejected witness exclusion as the proper sanction. Instead, the Court informed the Postal Service that if it wished to undertake a discovery deposition of either witness, it should inform the Court and permission would be granted. Having concluded that Ms. Joyce committed a discovery violation, the Court reserved ruling as to what, if any, sanction it would impose.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2012

2