UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KATHLEEN JOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-cv-00310-JAW |
| | ) | |
| POSTMASTER GENERAL, | ) | |
| UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND MOTION TO ADMIT INTERVIEWER TESTIMONY**

On April 27, 2012, the Postal Service moved to exclude evidence regarding the Plaintiff's alleged disability or prior protected activity. *Mot.* in Limine *to Exclude Evid. Regarding Pl.'s Alleged Disability or Prior Protected Activity* (Docket # 49). On May 3, 2012, Ms. Joyce responded and represented that she has no intention of presenting evidence on either issue. *Resp. to Def.'s Mot.* in Limine *to Exclude Evid. Regarding Pl.'s Alleged Disability or Prior Protected Activity* (Docket # 58). Based on the agreement of the parties, the Court GRANTS the Postal Service's Motion *in Limine* to Exclude Evid. Regarding Pl.'s Alleged Disability or Prior Protected Activity (Docket # 49).

On April 27, 2012, Ms. Joyce moved for an order confirming that the Postal Service interviewers will be permitted to testify as to what other interviewees told them during their hiring interviews. *Pl.'s Mot.* in Limine *to Admit Interviewer Test. Regarding Statements of Interviewees* (Docket # 47). In its response, the Postal

Service acknowledges that what the interviewees told the interviewers is admissible through the interviewers.  *Resp. in Opp'n to Pl.'s Mot.* in Limine (Docket # 60).  In its response, the Postal Service raises two concerns.  One is that Ms. Joyce intends to testify as to what she would have told the interviewers if they had given her the same opportunity to explain that they gave other candidates.  *Id.* at 2-3.  The second is that Ms. Joyce seeks to admit evidence of the testimony of hired candidates as to what they told the interviewers.  *Id.* at 3-4.  The Postal Service's concerns about the scope of Ms. Joyce's and the other interviewees' testimony go beyond the issue Ms. Joyce raised in her motion and therefore the Court will not address them at this time.  Based on the agreement of the parties, the Court GRANTS the Plaintiff's Motion *in Limine* to Admit Interviewer Testimony Regarding Statements of Interviewees (Docket # 47).

    SO ORDERED.

        /s/ John A. Woodcock, Jr.
        JOHN A. WOODCOCK, JR.
        CHIEF UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2012