UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KATHLEEN JOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-cv-00310-JAW |
| | ) | |
| POSTMASTER GENERAL, | ) | |
| UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR NEW TRIAL**

Following adverse decisions on her age and sex discrimination claims against the Postal Service from both the Court and a federal jury respectively, Kathleen Joyce moves pro se for a new trial. Concluding that Ms. Joyce failed to meet the legal standard for a new trial, the Court denies her motion.

I.   STATEMENT OF FACTS

On July 26, 2010, Kathleen Joyce filed a complaint against the Postmaster General of the United States Postal Service (Postal Service or USPS), claiming that the Postal Service discriminated against her on the basis of her age, sex, and disability when it did not hire her as a Mail Handler. *Compl. for Damages and Injunctive Relief* (ECF No. 1). On February 28, 2012, the Court granted summary judgment in favor of the Postal Service on the disability claim. *Order on Mot. for Summ. J.* (ECF No. 35). On May 25, 2012, a federal civil jury issued a verdict against Kathleen Joyce and in favor of the Postmaster General on the age and sex

discrimination claims.  *Jury Verdict Form* (ECF No. 79).  As the Age Discrimination in Employment Act (ADEA) does not provide the right to trial by jury in a claim against the Postal Service, the jury verdict on the ADEA claim was advisory.  FED. R. CIV. P. 39(c); *see Lehman v. Nakshian*, 453 U.S. 156, 168 (1981); *In re Young*, 869 F.2d 158, 159 (2d Cir. 1989).  On January 25, 2013, the Court issued a Memorandum Decision, setting forth its factual findings and legal conclusions, and issuing a verdict against Ms. Joyce and in favor of the Postal Service on the ADEA claim.  *Mem. Decision* (ECF No. 88) (*Mem. Decision*); FED. R. CIV. P. 52(a)(1).  On February 27, 2013, Ms. Joyce, acting pro se, moved for a new trial.  *Mot. for a New Trial* (ECF No. 90) (*Pl.'s Mot.*).  The Postal Service opposed Ms. Joyce's motion on March 15, 2013.  *Def.'s Resp. in Opp'n to Pl.'s Mot. for a New Trial* (ECF No. 91) (*Def.'s Opp'n*).  Ms. Joyce did not file a reply to the Postal Service's opposition.

## II.   THE PARTIES' POSITIONS

### A.   Ms. Joyce's Argument for New Trial

Ms. Joyce's motion for new trial is based on her allegation that the "USPS did not follow its own policy, allowed hearsay and defendants repeatedly lied and perjured themselves when it fit their agenda." *Pl.'s Mot.* at 1.  To prove her point, she attaches affidavits from two of the Postal Service's trial witnesses, Ausilio Lombardi and Arthur Lent, *id.* Attach. 1-4, and says those affidavits reveal that these men lied during the trial.  *Pl.'s Mot.* at 1-2.  She maintains that Robert Burton, another Postal Service witness, contradicted himself during his trial testimony.  *Id.* at 2.  Furthermore, asserting that she has "new information," she

2

attaches the Postal Service's Employee and Labor Relations Manual, saying that it was "recently sent to me." *Id.* at 2. She contends that the Manual demonstrates that the Postal Service did not follow the terms of its own Manual during the hiring process. *Id.* at 2-3. Finally, she attacks the proffered reasons for the Postal Service decision, arguing that its justifications for its decisions were "totally fictitious and against the law." *Id.* at 3.

### B.   The Postal Service's Response

The Postal Service responds that the verdicts, both from the jury and the Court, are supported by the evidence, that the evidence Ms. Joyce cited in her motion is not new, would not be admissible, and would not change the result, and that there was no false testimony. *Def.'s Opp'n* at 4-12.

## III.   DISCUSSION

### A.   Legal Standard for New Trial

Ms. Joyce's motion for new trial is made pursuant to Rule 59. FED. R. CIV. P. 59. Under Rule 59, a court may grant a new trial on some or all of the issues submitted to the jury "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). Similarly, after a nonjury trial, a court may grant a rehearing "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1)(B). When assessing a motion for a new trial following a jury verdict, a trial judge has limited discretion:

> A trial judge may not grant a motion for a new trial merely because he or she might have reached a conclusion contrary to that of the jurors,

> rather, the trial judge may set aside a jury's verdict only if he or she believes that the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice.

*Conway v. Electro Switch Corp.*, 825 F.2d 593, 598-99 (1st Cir. 1987). In making this ruling, a court is "free to independently weigh the evidence." *Jennings v. Jones*, 587 F.3d 430, 436 (1st Cir. 2009). At the same time, as regards a jury verdict, a "'district judge cannot displace a jury's verdict merely because he disagrees with it' or because 'a contrary verdict may have been equally . . . supportable.'" *Id.* (quoting *Ahern v. Scholz*, 85 F.3d 774, 780 (1st Cir. 1996)). In other words, "trial judges do not sit as thirteenth jurors, empowered to reject any verdict with which they disagree." *Id.* In short, to succeed Ms. Joyce must demonstrate that "the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice." *Webber v. Int'l Paper Co.*, 326 F. Supp. 2d 160, 171 (D. Me. 2004) (quoting *Johnson v. Spencer Press of Me., Inc.*, 364 F.3d 368, 375 (1st Cir. 2004)).

      B.    Analysis

First, none of the evidence that Ms. Joyce refers to in her motion is "new" within the meaning of the law. To constitute new evidence, Ms. Joyce must establish "(1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage, and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 1999). The four affidavits that Ms. Joyce

attached to her motion for new trial were prepared in 2008, well prior to trial, and Ms. Joyce has made no showing that she was unaware of the affidavits or that she could not have procured them before the 2012 jury trial in this case.  As the Postal Service points out, another similar excerpt of the Employee and Labor Relations Manual was marked as Plaintiff's Trial Exhibit 3 during trial, and Ms. Joyce has made no showing that the excerpt she has attached to her motion was unavailable to her at trial.  Thus, to the extent Ms. Joyce is claiming she is entitled to a new trial because of new evidence, her claim must fail.

Second, no doubt, Ms. Joyce maintains a heartfelt conviction that the Postal Service employees who testified at trial were lying.  However, these witnesses were placed under oath, subjected to cross-examination, and both the jury and the Court had a full opportunity to evaluate their credibility.  Ms. Joyce was represented extremely well by her attorney; he marshaled the facts in her favor, disputed countervailing evidence, and presented the best possible case.  Nevertheless, despite his professional efforts and her own testimony in this case, both the jury and the Court simply took a different view of the critical testimony.  As the Court wrote, even though Ms. Joyce demonstrated that the Postal Service's "hiring process for Mail Handler positions in 2008 was surprisingly irregular and ad hoc," there was no evidence that its decision not to hire her was related to her age.  *Mem. Decision* at 1.  The jury verdict in favor of the Postal Service leads to a similar conclusion about her sex discrimination claim.

There has been no miscarriage of justice in this case. Ms. Joyce had her day in court, made her arguments, presented evidence, cross-examined opposing witnesses, and did not sustain her burden of proof on either her age or sex discrimination claims. Had Ms. Joyce been required to prove only that the Postal Service's hiring process was imperfect, she likely would have succeeded. However, she was required to prove that the Postal Service discriminated against her because of her age or gender, and she produced no evidence that the imperfections in the Postal Service's hiring process had anything at all to do with either age or gender.

## IV.  CONCLUSION

The Court DENIES Kathleen Joyce's Motion for a New Trial (ECF No. 90).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 12th day of April, 2013